UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PAIUTE-SHOSHONE INDIANS OF THE BISHOP COMMUNITY OF THE BISHOP COLONY, CALIFORNIA, a federally recognized Indian tribe,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF LOS ANGELES, a California municipal corporation,<br><br>Defendant. | ) | 1:06-cv-0736 OWW SMS<br><br>ORDER GRANTING MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b) (DOC. 75) |

I. INTRODUCTION

The Paiute-Shoshone Indians of the Bishop Community of the Bishop Colony, California, a federally recognized Indian tribe ("Plaintiff") filed this ejectment action against the City of Los Angeles ("Defendant" or "the City"), claiming the right to occupy lands previously held in trust for the Tribe by the United States which were transferred to the City in 1941 by agents of the United States government. (Doc. 1, Complaint, filed June 12, 2006.) Among other things, Plaintiffs allege that omissions and other failures by agents of the United States caused the 1941

land transfer to fail to satisfy the requirements of a federal statute governing alienation of the land. The complaint names only the City as a Defendant, excluding the United States from the lawsuit.

On February 14, 2007, the district court granted the City's motion to dismiss the complaint, concluding that the United States is an indispensable party under Federal Rule of Civil Procedure 19. (Doc. 73.) After carefully analyzing numerous cases, including a somewhat analogous Tenth Circuit decision, *Navajo Tribe v. New Mexico*, 809 F.2d 1455 (10th Cir. 1987), the district court concluded that because the complaint alleges that omissions and wrongdoings by agents of the United States contributed to the unlawfulness of the land transfer, the United States must be deemed an indispensable party to the lawsuit. The district court recognized, however, that "this is an exceedingly close case." (*Id.* at 44.)

Plaintiffs move for certification under 28 U.S.C. § 1292(b) of the legal issue of "whether the United States is an indispensable party in an ejectment action by an Indian Tribe brought pursuant to § 1362 to defend its title to land when the complaint alleges omissions and other failure by agents of the United States to satisfy the requirements of a federal statute allowing the alienation of Indian land." (Doc. 75-2, filed March 8, 2007.) The City opposes certification. (Doc. 79, filed Apr. 9, 2007.) The motion was originally set for hearing, but that hearing was vacated upon stipulated motion requesting that the district court decide the matter on the pleadings. (See Doc. 81, filed April 16, 2007.)

## II. DISCUSSION

### A. Legal Standard

Certification of an interlocutory appeal may be appropriate if the issue for which certification is sought

(1) is a controlling question of law;

(2) over which there is substantial grounds for difference of opinion; and

(3) an immediate appeal may materially advance the ultimate termination of the litigation.

28 U.S.C. § 1292(b). "Section 1292(b) is a departure from the normal rule that only final judgments are appealable and therefore must be construed narrowly." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1068 n.6 (9th Cir. 2002). The interlocutory appeal procedure is only to be used in extraordinary cases where an interlocutory appeal might avoid protracted and expensive litigation. *See In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982).

### B. Controlling Question of Law.

A decision involves a controlling question of law for purposes of certification if "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *Id.* at 1026. In this case, the issue of indispensability is a controlling question of law. As discussed in the February 14, 2007 memorandum decision it is possible that the United States cannot be joined in this action "by reason of the bar of the [Indian Claims Commission Act] and its statute of limitations." (Doc. 73 at 29.) Accordingly, the issue of

**indispensability is potentially fatal to the Tribes' case. It is therefore appropriate to consider the issue "controlling" for purposes of certifying an interlocutory appeal.**

**C. <u>Substantial Grounds for Difference of Opinion</u>.**

**Plaintiffs cited numerous cases in support of their contention that wrongdoing by the United States does not necessitate a finding of indispensability. Although the district court ultimately distinguished all of these cases, recognizing that "[t]his case presents a unique set of circumstances for which there is no exact parallel in any case cited by the parties," the district court noted that its decision on the indispensability issue was an "exceedingly close" call. (Doc. 73 at 44.) There is no reason to repeat the reasoning set forth in the February 14, 2007 memorandum decision. It is incorporated here to demonstrate that there are substantial grounds for differences in opinion over the issue of indispensability.**

**The City cites *Mid-Hudson Realty Corp. v. Duke & Benedict, Inc.*, 278 B.R. 334, 2002 U.S. Dist. LEXIS 9793 (S.D.N.Y. 2002), for the proposition that to demonstrate a substantial ground for difference of opinion, the party seeking certification "must show that [the] issue is difficult and of first impression and involves more than just a strong disagreement among the parties." The City argues that "[w]hether a party is indispensable under § 1292 is not a difficult question, nor is it one of first impression." (Doc. 79 at 4.) The City defines the inquiry too broadly. The issue is not whether the question of indispensability has ever been dealt with by a court of law**

before. Rather, the question is whether indispensability has ever been analyzed in the context of facts and circumstances that resemble those of this case. As discussed at length in the February 14, 2007 memorandum decision, although a number of cases have dealt with indispensability in somewhat similar contexts, none concerned factual circumstances similar enough to this case to provide clear guidance. There are substantial grounds for difference of opinion.[1]

Plaintiffs offer new case citations in support of their position that the United States is not an indispensable party, some of which were not cited in the context of the motion to dismiss. It is not necessary or appropriate to consider these new cases here, as this is not a motion for reconsideration.

D. Materially Advance the Ultimate Termination of the Litigation.

Plaintiffs assert that immediate resolution of the indispensability issue will materially advance the ultimate termination of the litigation. Plaintiffs argue that this case is a "straightforward ejectment action in which plaintiff only seeks possession of land to which it holds superior title." (Doc. 75 at 11.) The Tribe further asserts that "[t]he question

[1] The City correctly indicates that section 1292(b) is not meant to be used for the review of factual issues nor is it to be used to "substitute wholesale appellate certainty for trial court uncertainty." *Link v. Mercedes-Benz of North Am.*, 550 F.2d 860, 863 (3d Cir. 1977). But, the issue proposed to be certified is a mixed question of fact and law that is appropriately raised on interlocutory appeal.

of whether plaintiff can be forced to add a party against which it is not seeking relief will materially alter the nature and extent of this litigation. Adding a party with the legal resources available to the United States of America will drastically increase the scope, cost and duration of the litigation, and will require plaintiffs to address two well financed parties, only one of whom can provide the relief plaintiff seeks." Finally, Plaintiffs point out that if the Tribe is required to name the United States, the United States will likely move to dismiss on the ground that they cannot be named as a party. Litigating this issue would be avoided if the Ninth Circuit rules in favor of the Tribe on interlocutory appeal. The City responds that interlocutory appeal will only delay pretrial development of this case and that, even if the issue if indispensability was resolved in the Tribe's favor, no factual issue or element of proof would be removed. (Doc. 79 at 9.) But, the City's scenario would only be valid if the United States can be named as a party. The Tribe wishes to avoid involving the United States in the first place. Among other things, if the Tribe is successful on appeal, they will thereby avoid the considerable time and expense of litigating any potentially dispositive motion to dismiss filed by the United States. Given the severely overloaded docket of this particular district court, avoiding an additional round of dispositive motions represents a significant litigation efficiency that would materially advance the termination of this litigation.

///

///

## III. CONCLUSION

For the reasons set forth above Plaintiff's motion for certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) is GRANTED. The issue certified for appeal is whether the United States is indispensable under Fed. R. Civ. P. 19(b) in an ejectment action by an Indian tribe brought pursuant to 28 U.S.C. § 1362 to defend the Tribe's title to land, when the complaint alleges omissions and other failures by agents of the United States to satisfy the requirements of a federal statute allowing alienation of Indian land. This is a controlling question of law over which there are substantial grounds for difference of opinion and an immediate appeal may materially advance the ultimate termination of this lawsuit.

IT IS SO ORDERED.

**Dated: July 27, 2007**

**/s/ Oliver W. Wanger**
UNITED STATES DISTRICT JUDGE