1

2

3

4

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

5

6

7

8

9

10

11

| PAIUTE-SHOSHONE INDIANS OF THE BISHOP COMMUNITY OF THE BISHOP COLONY, CALIFORNIA, a federally recognized Indian tribe,<br><br>                    Plaintiff,<br><br>          v.<br><br>CITY OF LOS ANGELES, a California municipal corporation,<br><br>                    Defendant. | 1:06-cv-00736 OWW GSA<br><br>MEMORANDUM DECISION DENYING AS MOOT REQUEST TO LIFT STAY AND GRANTING LEAVE TO AMEND (DOC. 100) |
|---|---|

12

13

14

## I. INTRODUCTION

      Plaintiff, the Paiute-Shoshone Indians of the Bishop

Community of The Bishop Colony, California (the "Tribe"), moves

to "lift [the] administrative stay" and for an order setting a

deadline for filing an amended complaint.  Doc. 100.  Defendant,

the City of Los Angeles ("the City") opposes.  Doc. 101.

Plaintiff replied.  Doc. 102.  The motion was originally

calendared for July 25, 2011, but the hearing was vacated after

the parties stipulated to have the matter decided on the papers.

Doc. 103.

## II. ANALYSIS

      On June 12, 2006, the Tribe brought a suit in ejectment to

reclaim land in the Owens Valley that was transferred in 1941 by

agents of the United States (purportedly acting in the name of

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

the Tribe) to the City.  The Tribe alleged, generally, that the

conditions imposed by Congress on this transfer had not been not

satisfied, rendering the purported transfer null and void.  The

City's motion to dismiss was granted on the ground that the

United States is an indispensable party that cannot be joined

under Federal Rule of Civil Procedure 19.  Doc. 73 ("Rule 19

Dismissal").  Plaintiff was granted 30 days from February 15,

2007 within which to file an amended complaint.  *Id*. at 48.

On March 20, 2007, Plaintiff filed a "stipulated motion" for

extension of time in which to file an amended complaint.

Plaintiff specifically requested an extension until 30 days after

the Court ruled on "plaintiff's pending motion to amend [to allow

an interlocutory appeal] and for a stay of proceedings."  Doc.

76.  That request was granted.  Doc. 77.

On July 30, 2007, the district court granted Plaintiff's

request for certification of an interlocutory appeal.  Doc. 83,

dated July 30, 2007.  Because that decision did not specifically

mention the imposition of a stay pending the appeal, the City

asserts that the time for filing of an appeal lapsed 30 days

later, on August 30, 2007.

Under the governing statute, 28 U.S.C. § 1292, once the

district court issues a written order determining that an

interlocutory appeal is appropriate, a plaintiff has ten days to

apply to the Court of Appeals for permission to take the appeal.

§ 1292(b).   The statute specifically provides that application to the Court of Appeals for permission to take an interlocutory appeal "shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order."   *Id*.

The City asserts that a stay while an interlocutory appeal is pending is "rarely, if ever, appropriate under any circumstances," citing *Fisons Limited v. United States*, 458 F.2d 1241, 1248 n.16 (7th Cir. 1972).   This forty-year-old case from another Circuit is not persuasive.   There is more recent authority to the contrary:

> [A district] court has authority to stay this case pending an interlocutory appeal since section 1292(b) states: "[A]pplication for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order." Here, resolution of the issue [on which the interlocutory appeal has been taken] "would alter the direction of the current proceedings ...." *Assoc. of Irritated Residents v. Fred Schakel Dairy*, 634 F. Supp. 2d at 1092-93 (staying proceedings pending interlocutory appeal of order denying motion to dismiss Clean Air Act claim). Since three of Plaintiff's four claims against [defendant] are based upon [appealed issue], "[i]t would be a waste of judicial and party resources to proceed with [these] claims while the appeal is pending." Id....

*Lakeland Village Homeowners Ass'n v. Great Am. Ins. Group.*, 727 F. Supp. 2d 887, 897 (E.D. Cal. 2010).   Here, like in *Lakeland*, the thrust of Plaintiff's complaint involved claims tied up in the interlocutory appeal.   It would have been appropriate at the

3

time the interlocutory appeal was certified to stay the case

pending resolution of the appeal.

The problem is that no such stay was ever entered.

Plaintiff did request, if the interlocutory appeal was certified,

that the deadline for filing an amended complaint be stayed until

thirty days following resolution of the interlocutory appeal.

Doc. 75-1 at 12.  However, the order granting certification did

not impose a stay, and Plaintiff did not move to correct this

inadvertent omission.  The deadline for the filing of an amended

complaint passed while the appeal was pending.

Nevertheless, even though Plaintiff missed the deadline for

filing an amended complaint, a court should "freely give leave

when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Where, as

here, a party has not had an opportunity to amend its original

complaint, leave "generally shall be denied only upon a showing

of bad faith, undue delay, futility, or undue prejudice to the

opposing party."  *Chudacoff v. Univ. Med. Ctr. of S. Nev.*, ---

F.3d ---, 2011 WL 2276774, *6 (9th Cir. Jun. 9, 2011).  The City

does not assert bad faith, undue delay, or undue prejudice.

The City does argue that amendment of the complaint would be

futile.  Doc. 101 at 4-6.  The City maintains that because the

Rule 19 Dismissal found that the claims in the original complaint

could not proceed without the United States, which could not be

joined, "any amendment to the complaint which omits the federal

4

government's involvement and seeks to proceed solely against the City in connection with the 1937 land transfer would be insufficient and futile." *Id*. at 5.  This might be a valid basis for a finding of futility if Plaintiff had indicated its intent to re-file a claim based on ejectment or a related cause of action.  To the contrary, Plaintiff asserts in its reply that it has other claims against the United States, including allegations that the federal government failed to manage trust assets for the benefit of the Tribe.  Such claims are not obviously futile.

III. <u>CONCLUSION</u>

For the reasons set forth above, Plaintiff's motion to lift the administrative stay is DENIED AS MOOT, as no such stay was ever entered.  Nevertheless, Plaintiff is granted leave to amend the complaint within thirty (30) days of electronic service of this memorandum decision.

Due to the pending retirement of the assigned district judge, the parties will shortly receive notice of reassignment of this case.  That notice shall not alter the deadline for the filing of the amended complaint.

SO ORDERED
Dated:  September 19, 2011

<u>/s/ Oliver W. Wanger</u>
United States District Judge

5