| | |
|---|---|
| Randolph H. Barnhouse<br>Samuel D. Hough, #234886<br>Luebben Johnson & Barnhouse LLP<br>7424 4th Street NW<br>Los Ranchos de Albuquerque, New Mexico 87107<br>Telephone:    (505) 842-6123<br>Facsimile:    (505) 842-6124<br><br>Marshall C. Whitney, # 082952<br>McCormick, Barstow, Sheppard,<br>Wayte & Carruth LLP<br>P.O. Box 28912<br>5 River Park Place East<br>Fresno, CA  93720-1501<br>Telephone:    (559) 433-1300<br>Facsimile:    (559) 433-2300<br><br>Attorneys for Plaintiff<br>PAIUTE-SHOSHONE INDIANS OF THE BISHOP<br>COMMUNITY OF THE BISHOP COLONY,<br>CALIFORNIA, a federally recognized Indian tribe | (SPACE BELOW FOR FILING STAMP ONLY) |

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAIUTE-SHOSHONE INDIANS OF THE BISHOP COMMUNITY OF THE BISHOP COLONY, CALIFORNIA, a federally recognized Indian tribe,<br><br>            Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA; Department of the Interior; Ken Salazar, Secretary of the Interior; Bureau of Indian Affairs; Larry Echo Hawk, Assistant Secretary-Indian Affairs;<br><br>and<br><br>CITY OF LOS ANGELES, a California municipal corporation,<br><br>            Defendants. | Case No.  1:06-CV-00736 LJO GSA<br><br>**AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

## I. NATURE OF CASE

1. Plaintiff Paiute-Shoshone Indians of the Bishop Community (the "Tribe") seeks a declaratory judgment that the United States of America, acting through the Department of the Interior and the Bureau of Indian Affairs is in breach of its statutory and common law trust obligations to put the Tribe in possession of certain lands and resources held in trust by the United States. The United States' failure to put the Tribe in possession of those lands and resources constitutes an ongoing breach of the United States' fiduciary obligations to the Tribe to manage and protect the Tribe's interests in lands held in trust by the United States for the benefit of the Tribe. The substantive law governing the United States' trust responsibilities breached in this case require entry of a writ of mandamus directing the United States to comply with its statutory, legal, fiduciary and trust duties to the Tribe by putting the Plaintiff in immediate possession of certain lands and resources, title to which is held in trust by the United States.

## II. JURISDICTION

2. This Court has jurisdiction under the following statutes: (a) 28 U.S.C. §§ 1331 and 1362, this being an action by an Indian tribe with a government body duly recognized by the Secretary of the Interior, wherein the matter in controversy arises under the Constitution, laws, and treaties of the United States; (b) 28 U.S.C. § 1361, this being an action seeking mandamus to compel federal officers, federal employees, and federal agencies to perform a duty owed to the Tribe; (c) 28 U.S.C. §§ 2201 and 2202, in that this action includes a request for declaratory judgment; and (d) 5 U.S.C. § 702, this being an action seeking relief for other than money damages against agencies of the United States and its officers.

3. The Tribe seeks an award of costs and fees, including attorneys' fees, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

## III. VENUE

4. This Court is the proper venue under 28 U.S.C. § 1391, as it is a judicial district where the Defendants reside; where the property that is the subject of the action is situated; and, where a substantial part of the events or omissions giving rise to the claim occurred.

## IV. PARTIES

5. Plaintiff, the Paiute-Shoshone Indians of the Bishop Community of the Bishop Colony, California ("Tribe"), is a federally recognized Indian tribe.

6. Defendant United States of America, acting through the Department of the Interior, including the Bureau of Indian Affairs ("BIA"), and other federal agencies, departments, bureaus and offices is Trustee for the Plaintiff and owes fiduciary duties to the Plaintiff.

7. Defendant Ken Salazar is the Secretary of the Interior and Chief Officer of the Department of the Interior, and as such is charged by law with carrying out the duties and responsibilities of the United States as trustee for the Tribe.

8. Defendant Larry Echo Hawk is the Assistant Secretary for Indian Affairs and Chief Officer of the Bureau of Indian Affairs within the Department of the Interior, and as such is the delegate of Defendant Salazar for carrying out certain of his responsibilities with respect to the duties and responsibilities of the United States as trustee for the Tribe.

9. Defendant city of Los Angeles is a municipal corporation duly organized and existing under the laws of the State of California.

## V. ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

10. From time immemorial, the Tribe has resided in what is now known as the Owens Valley in Inyo County, California, near the present-day community of Bishop. Beginning in the late 1850s, non-Indian settlers in the Owens Valley took possession of the Tribe's aboriginal lands, leaving the Tribe and its members landless.

11. Beginning in 1909, the United States affirmatively undertook the obligation to act as a fiduciary and trustee for the Tribe by acquiring and setting aside for the benefit of the Tribe and its members tracts of land in the Owens Valley.

12. From 1909 through 1924 the United States, pursuant to acts of Congress providing for the purchase of lands for landless Indians in California, acquired and set aside for the benefit of the Tribe, through purchase and executive order reservation, five tracts of land in the Owens Valley near the community of Bishop, totaling approximately 1,030 acres (collectively the

"Bishop Tribal Lands").

13.     The Tribe is the beneficial owner of the Bishop Tribal Lands and other assets, title to which is held in trust by the United States for the use and benefit of the Tribe and/or the Tribe's members.

14.     The Tribe is the beneficial owner of other natural resources located within the exterior boundaries of the Bishop Tribal Lands, including but not limited to water and water rights and a variety of mineral reserves, which are held in trust by the United States for the use and benefit of the Tribe and/or the Tribe's members.

15.     The United States, its departments and agencies stand as a fiduciary and trustee to the Tribe and its members.  Accordingly, the United States, its departments and agencies are obligated to the highest fiduciary standards in their conduct to preserve and manage property held in trust for the benefit of the Tribe.

16.     The United States exercises pervasive control over tribal lands.  Congress has acknowledged federal control over tribal lands and the government's attendant obligations in numerous statutory provisions including:  25 U.S.C. § 81 (no agreement or contract with an Indian tribe that encumbers Indian lands for a period of seven or more years is valid unless approved by the Secretary of Interior); 25 U.S.C. § 177 (restrictions on purchases of land from Indians); 25 U.S.C. § 398d (changes in boundaries to Indian reservations created by executive order must be authorized by Congress); 25 U.S.C. § 462 (indefinite extension of periods of trust for Indian lands); and 25 U.S.C. § 415 (federal control over leases of Indian trust lands).

17.     The United States, Defendant Salazar and Defendant Echo Hawk have a mandatory statutory and common law duty to protect the Tribe's use and possession of lands held in trust for the benefit of the Tribe.  Specifically, the United States is obligated to protect the Tribe's possessory interests in five tracts of Bishop Tribal Lands presently in the possession of the city of Los Angeles, identified below:

    a.     <u>Bishop Sub-Agency</u>:  Beginning at a point in the center of the county road, known as West Line Street, said point being 809.4 feet South 89° 39' West

of the Southeast corner of Section 1, Township Seven (7) South, Range Thirty-two (32) East, Mount Diablo Base and Meridian, running thence North 0° 13' East along the west line of Powers Avenue 606 feet; thence South 89° 39' West 200 feet; thence South 0° 13' West 386 feet; thence South 89° 39' West 436 feet; thence South 0° 13' West 220 feet to the center line of said West Line Street; thence North 89° 39' East 639.45 feet to the point of beginning, containing 5.0 acres, more or less.

    b.    <u>West Bishop</u> (containing 105 acres, more or less):

        i    <u>Red Hill</u> – Beginning at the southeast corner of the Southeast Quarter (SE ¼) of the Northeast Quarter (NE ¼) of Section 9, Township Seven (7) South, Range Thirty-two (32) East, Mount Diablo Base and Meridian, thence north along the section line between Sections 9 and 10, a distance of 808-1/3 feet; thence west a distance of 808-1/3 feet; thence south a distance of 808-1/3 feet to the south line of said Southeast Quarter (SE ¼) of the Northeast Quarter (NE ¼), of Section 9; thence east along said south line of section 9 a distance of 808-1/3 feet to place of beginning, containing 15 acres, more or less.

        ii    <u>West Bishop</u> – The Northeast Quarter (NE ¼) of the Northeast Quarter (NE ¼) of the Southeast Quarter (SE ¼) of Section 10, Township Seven (7) South, Range Thirty-two (32) East, Mount Diablo Base and Meridian, containing 10 acres, more or less.

        iii    <u>Sunland</u> – The North Half (N ½) of the Southeast Quarter (SE ¼) of Section 13, Township Seven (7) South, Range Thirty-two (32) east,

Mount Diablo Base and Meridian, containing 80 acres, more or less.

    c.    <u>Southwest Bishop</u>: The South Half (S ½) of the Southwest Quarter (SW ¼), of Section 14; the South Half (S ½) of the Southeast Quarter (SE ¼); the Southeast Quarter (SE ¼) of the Southwest quarter (SW ¼), and the Southwest Quarter (SW ¼) of the Northwest Quarter (NW ¼), of Section 15; the Northwest Quarter (NW ¼), and the North Half (N ½) of the Southwest Quarter (SW ¼), and the East Half (E ½) of Section 23; the Southwest Quarter (SW ¼) of the Northwest Quarter (NW ¼), and the South Half (S ½) of the Southwest Quarter (SW ¼), of Section 24; all in Township Seven (7) South, Range Thirty-two (32) East, Mount Diablo Base and Meridian, containing 920 acres, more or less.

18. Beginning in 1906, Congress passed appropriations acts authorizing the purchase of lands "for Indians who are not now upon reservations in [California], suitable tracts or parcels of land, water, and water rights . . . and [to] have constructed necessary ditches, flumes, and reservoirs for the purpose of irrigating said lands, . . . and to construct suitable buildings upon said lands, and to fence the tracts of land so purchased . . . ." *See, e.g.,* Act of June 21, 1906, 34 Stat. 325, 333. The Bishop Sub-Agency Tract and West Bishop Tracts (Red Hill, West Bishop and Sunland) were purchased pursuant to such statutory grants of authority.

19. On March 11, 1912, President William Howard Taft issued Executive Order No. 1496 reserving the Southwest Bishop Tract "for allotment purposes" and "for such other uses as may be lawful for the benefit of the Indians."

20. The Indian Reorganization Act of 1934 extended the period of trust over all Indian trust lands indefinitely. 25 U.S.C. § 462. Pursuant to this statute, the federal defendants are required to protect the Tribe in the possession of the Bishop Tribal Lands and other natural resources located within the exterior boundaries of these tracts of land including but not limited to water and water rights.

21. Because of the actions of the United States and its officers, the city of Los Angeles has wrongfully possessed, occupied and used the Bishop Tribal Lands beginning in 1941 and continuing through the present.

22. Because of the actions of the United States and its officers, the Tribe is presently unable to occupy and use the Bishop Tribal Lands.

23. Because of the actions of the United States and its officers, and the actions of the city of Los Angeles, the Tribe has been unable to develop and use the water and water rights, including groundwater rights, appurtenant to the Bishop Tribal Lands at issue.

24. The Tribe demanded that the city of Los Angeles return the possession, occupancy and use of the Bishop Tribal Lands to the Tribe, but the demand has gone unanswered.

25. The Tribe demanded that the United States return possession of the Bishop Tribal Lands to the Tribe, but the demand has been refused.

26. The United States and its officers are in breach of their fundamental statutory and common-law duties of a trustee to preserve and maintain the trust assets of the Tribe.

27. The United States, Defendant Salazar and Defendant Echo Hawk have failed to protect the Tribe's interests in land and water rights in the Bishop Tribal Lands still held in trust for the benefit of the Tribe.

28. The United States, Defendant Salazar and Defendant Echo Hawk are presently in breach of their statutory and general and specific fiduciary duty and trust obligation to the Tribe by failing to put the Tribe in possession of the Bishop Tribal Lands, waters and water rights described above.

29. Since assuming office on January 20, 2009, Defendant Salazar has continuously failed to take the action necessary to remove the city of Los Angeles and place the Tribe in possession of the Bishop Tribal Lands as expressly required by the common law and statutory trust duty described above. This failure to act, which has occurred on a daily basis since Defendant Salazar took office, is a breach of the fiduciary and trust duties owed by Defendant Salazar to the Tribe.

30. Since assuming office on May 22, 2009, Defendant Echo Hawk has continuously failed to take the action necessary to remove the city of Los Angeles and place the Tribe in possession of the Bishop Tribal Lands as expressly required by the common law and statutory trust duty described above.  This failure to act, which has occurred on a daily basis since Defendant Echo Hawk took office, is a breach of the fiduciary and trust duties owed by Defendant Echo Hawk to the Tribe.

31. The federal defendants' ongoing course of conduct and its express failure to put the Tribe in possession of the Bishop Tribal Lands, waters and water rights as alleged above, constitute action unlawfully withheld not in accordance with its statutory and common law duties as trustee for the Tribe.

## VI. FIRST CAUSE OF ACTION:  BREACH OF STATUTORY AND COMMON LAW TRUST DUTIES

32. The Tribe incorporates by reference all preceding paragraphs.

33. The federal defendants have breached and continue to breach their statutory and common law trust obligation to protect the Tribe in its possession and use of the Bishop Tribal Lands.

34. The federal defendants have breached and continue to breach their statutory and common law trust obligation to protect the Tribe in its possession and use of the water and water rights appurtenant to the Bishop Tribal Lands.

## VII. SECOND CAUSE OF ACTION:  DECLARATORY JUDGMENT AGAINST FEDERAL DEFENDANTS

35. The Tribe incorporates by reference all preceding paragraphs.

36. The Tribe seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 and 2202 that the federal defendants have violated and are violating their statutory, legal, fiduciary, and trust obligations to the Tribe by failing to protect the Tribe in its possession and use of the Bishop Tribal Lands.

37. The Tribe seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 and 2202

that the federal defendants have violated and are violating their statutory, legal, fiduciary, and trust obligations to the Tribe by failing to protect the Tribe in its possession and use of the water and water rights appurtenant to the Bishop Tribal Lands.

### VIII. THIRD CAUSE OF ACTION: DECLARATORY JUDGMENT AGAINST LOS ANGELES

38. The Tribe incorporates by reference all preceding paragraphs.

39. The Tribe seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 and 2202 that the Defendant city of Los Angeles is in unlawful possession, occupation and use of the Bishop Tribal Lands, and that this unlawful, possession, occupation and use has prevented the Tribe from developing its use of water and water rights appurtenant to the Bishop Tribal Lands.

### IX. PRAYER FOR RELIEF

The Tribe asks for judgment in its favor as follows:

1. for a declaratory judgment, pursuant to 28 U.S.C. § 2201, that the federal defendants have and are violating their statutory and common law fiduciary and trust duties to the Tribe by failing to put the Tribe in possession of the Bishop Tribal Lands, and all appurtenant water and water rights;

2. for a declaratory judgment, pursuant to 28 U.S.C. § 2201, that the Defendant city of Los Angeles is in unlawful occupancy and use of the Bishop Tribal Lands;

3. for a writ of mandamus, pursuant to 28 U.S.C. § 1361, directing the federal defendants to comply with their statutory, legal, fiduciary and trust duties to the Tribe and to take any and all action necessary to restore the Tribe to possession of Bishop Tribal Lands and resources, including all water and water rights appurtenant thereto;

4. for the costs of this action;

5. for attorneys' fees; and

6. for all other relief to which Plaintiff is entitled in law or equity and for such other relief as the Court deems proper and just.

| | |
|---|---|
| Dated: October 24, 2011 | LUEBBEN JOHNSON & BARNHOUSE, LLP |
| | By: /s Samuel D. Hough |
| | Randolph H. Barnhouse |
| | Samuel D. Hough |
| | Attorneys for Plaintiff |
| | PAIUTE-SHOSHONE INDIANS OF THE BISHOP COMMUNITY OF THE BISHOP COLONY, CALIFORNIA, a federally recognized Indian tribe |